## (June 22, 1983)

■ In the Matter of the Application of SEMYON PRUTKOVSKY, for Licensing as a Legal Consultant Pursuant to the Rules of the Court of Appeals. — Motion by applicant for a waiver of 22 NYCRR 521.1 (a) of the Rules of the Court of Appeals for the licensing of legal consultants. Motion denied without prejudice to a motion addressed to the Court of Appeals seeking the same or similar relief. In this matter applicant has applied for a license to practice as a legal consultant with respect to the laws of the Union of Soviet Socialist Republics (USSR). Prior to July 16, 1979, when applicant's work permit was revoked because he had applied for an emigration visa from the USSR, he had been actively employed as an attorney for 29 years. During that period of time applicant established an impressive list of credentials, having been employed as house counsel for both the National Scientific Research Project Institute and the National Food Production Bureau. Because his work permit was revoked for political reasons, applicant is now unable to comply with subdivision (a) of section 521.1 of the Rules of the Court of Appeals, which rules require that an applicant has actually practiced as an attorney in a foreign country for at least five of the seven years immediately preceding his application for a license to practice as a legal consultant with respect to the laws of such foreign country (22 NYCRR 521.1 [a]). Applicant therefore requests that we waive this provision of the rules. While in the licensing of a legal consultant we have authority to waive any documentation required to be filed in support of such application upon a showing that strict compliance with the provisions of section 521.2 (subd [a], pars [1], [2]) of the Rules of the Court of Appeals would result in unnecessary hardship to an applicant (see 22 NYCRR 521.2 [b]), we have no authority to waive the educational and professional qualifications as enumerated in 521.1 (see 22 NYCRR 521.1 [a], [d]). Because we are without jurisdiction to do so, we are constrained to deny this application. Since petitioner's right to practice law was terminated pursuant to the oppressive political policies of the Soviet State, our inability to grant relief extends the punishment petitioner has incurred as a consequence of his request to leave the Soviet Union. Since the current Rules of the Court of Appeals relating to legal consultants make no provision for the grant of relief to those who have been victimized by political oppression or religious or racial bigotry, we urge that the rules be amended so as to permit this court to exercise discretion to waive educational and professional qualifications where an applicant's practice of law has been terminated by virtue of the political or religious or racial policies of the nation from which he or she emigrated. Mollen, P. J., Damiani, Titone, Lazer and Bracken, JJ., concur.